J-S59003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE ROMERO, | |
| Appellant | No. 2143 EDA 2015 |

Appeal from the PCRA Order Entered June 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0102891-2006

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED NOVEMBER 08, 2016**

Appellant, Andre Romero, appeals from the post-conviction court's June 4, 2015 order that denied, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Briefly, Appellant was arrested and charged with various sexual offenses based on his assault of a six-year-old girl in a private room of a church while the church service was in progress.  The girl immediately reported the incident and identified Appellant as her attacker.  Appellant's case proceeded to a non-jury trial in February of 2007.  The PCRA court summarized the ensuing procedural history of Appellant's case, as follows:

> On February 2, 2007, [] Appellant … was found guilty by this [c]ourt, of one (1) count of Involuntary Deviate Sexual

---

[*] Former Justice specially assigned to the Superior Court.

Intercourse with a child (IDSI), a felony of the first degree; Indecent Assault, a misdemeanor of the second degree; Simple Assault, a misdemeanor of the second degree; Indecent Exposure, a misdemeanor of the first degree; and Corrupting the Morals of a Minor..., a misdemeanor of the first degree.

On May 2, 2007, this [c]ourt sentenced [] Appellant to six to twelve (6-12) years of incarceration for the ISDI [offense] and no further penalty was imposed on the remaining charges. A timely appeal was filed, however since no appellate brief was filed, that appeal was dismissed on April 22, 2008. On October 30, 2008, counsel filed a [PCRA] ... petition. On October 13, 2009, this [c]ourt issued a ... Dismissal Notice pursuant to Pennsylvania Rule of Criminal Procedure 907. The PCRA petition was dismissed on November 13, 2009. An [a]ppeal was filed and the Superior Court affirmed the PCRA [c]ourt's dismissal of the PCRA petition on February 18, 2011. [**Commonwealth v. Romero**, 24 A.3d 458 (Pa. Super. 2011) (unpublished memorandum).] Appellant filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court which was denied on August 9, 2011. [**Commonwealth v. Romero**, 26 A.3d 1102 (Pa. 2011).]

Appellant's instant PCRA petition, his second, was filed on August 8, 2012 and was amended on November 14, 2012. A supplemental amended petition was filed for Appellant on August 8, 2013. On May 15, 2015, this [c]ourt, after having reviewed all of the relevant pleadings and notes of testimony, filed a [Rule] 907 Dismissal Notice. Appellant filed a response to the Rule 907 Notice on June 4, 2015. On that same day, following a hearing, this second PCRA was formally dismissed as having been untimely filed. A Notice of Appeal was filed on July 4, 2015, and on July 13, 2015, this [c]ourt ordered [] Appellant, pursuant to Pennsylvania Rule of Appellant Procedure 1925(b) to file a concise ... statement of errors complained of on appeal. Appellant filed a [Rule 1925(b)] Statement ... on August 3, 2015, however, on September 14, 2015, this [a]ppeal was dismissed for failure to file a docketing statement. On October 2, 2015, the Superior Court [v]acated its prior dismissal order and reinstated Appellant's appeal.

PCRA Court Opinion (PCO), 11/30/15, at 1-2 (footnotes omitted).

On appeal, Appellant presents three questions for our review:

1. Whether the court incorrectly ruled that the petition was untimely where current counsel alleged in the petition that the confidential informant/police officer approached current counsel, advised counsel what he had seen inside the District Attorney's file, was advised to have [Appellant's] mother contact current counsel and she did so, where counsel thereafter advised [Appellant] of the discovered information, and where current counsel filed a PCRA Petition within 60 days of her discussion with the confidential informant/police officer?

2. Whether the PCRA [c]ourt erred in failing to hold an in camera hearing with the alleged confidential informant/police officer regarding his observations within Appellant's DA's Office file and his conversations with the assigned Assistant District Attorney thereafter when the officer observed a statement from: a witness (named Bernie or Avery) that, in violation of **Brady**,[1] was not provided to the defense prior to trial where the statement was from a Hispanic male who was dressed in a green Eagles shirt during the church service; was related to witnesses who questioned Appellant before police arrival and who testified at trial; where the other male was close in age to [] Appellant; and where this male had access to the complainant during the alleged time of the incident?

3. Where trial counsel, as an officer of the court, represented that these were facts told directly to her, and that the confidential informant/police officer would be subject to negative ramifications or disciplinary action from the police department for sharing his findings in an open court or in a signed written affidavit, did the court err in failing to grant additional time to obtain written documentation or affidavit from the confidential informant/police officer, and/or whether the court erred in failing to conduct an in camera interview to make findings regarding the credibility of the confidential informant/police officer, and to hold an evidentiary hearing to determine whether [Appellant] received a fair trial when this exculpatory evidence [was unavailable]?

Appellant's Brief at 3-4.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 22, 2008, thirty days after this Court dismissed his appeal from the judgment of sentence. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Accordingly, his petition filed on August 8, 2012, was patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii), and the governmental interference exception of section 9545(b)(1)(i). In support of these arguments, he claims that a police officer (whom Appellant does not name, and whom he did not identify in his petitions filed below) informed his current PCRA counsel that the Commonwealth failed to turn over to Appellant, during pretrial discovery, a statement from an individual named "Bernie." According to Appellant, Bernie's statement would have supported

- 5 -

a defense that Bernie was the perpetrator of the crimes for which Appellant was convicted. Specifically, Appellant maintains that,

> the statement from Bernie included information indicating Bernie: was present during the church services at [the church where the incident occurred] at the time of the incident; [he] wore an Eagles shirt to church that day[, as did Appellant]; [he] was close in age to [] Appellant on the date of the incident; and [he] told police he saw the complainant at or near the bathroom at the time of the incident.

Appellant's Brief at 11. Appellant avers that the Commonwealth's withholding Bernie's statement violated **Brady** and constitutes governmental interference under section 9545(b)(1)(i). He also contends that Bernie's statement is after-discovered evidence that satisfies section 9545(b)(1)(ii).

However, our review of the record reveals that Appellant did not properly raise either of these timeliness exceptions before the PCRA court. In Appellant's counseled PCRA petition filed on August 8, 2012, he made *no* mention of, let alone any attempt to plead or prove, the applicability of either of these timeliness exceptions. **See** Appellant's PCRA Petition, 8/8/12, at 1-4. Indeed, Appellant asserted at the end of his petition that it was timely-filed. **Id.** at 4. Moreover, Appellant did not even mention his discovery of Bernie's statement at all. Instead, he simply quoted the boilerplate language of section 9543(a)(2)(vi), which states: "The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." **Id.** at 3. However, section 9543(a)(2)(vi)

only applies to *timely-filed* petitions that assert after-discovered evidence claims; "a facially untimely PCRA petitioner attempting to raise a substantive after-discovered-evidence claim must first establish jurisdiction by pleading and proving an exception to the PCRA time-bar." ***Commonwealth v. Brown***, 111 A.3d 171, 179 (Pa. Super. 2015). Here, Appellant clearly, failed to meet this burden in his initial petition filed on August 8, 2012.

We acknowledge that Appellant filed two amendments to his August 8th petition - one in November of 2012, and one in August of 2013. Initially, nothing in the record demonstrates that Appellant sought leave to file either of those amended petitions, or that the court granted him permission to do so, as required by Pa.R.Crim.P. 905(A). ***See Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012) (holding that Rule 905 does not permit "self-authorizing" petitions, allowing a petitioner to "simply 'amend' a pending petition with a supplemental pleading;" instead, "the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court"). Moreover, it does not appear that the PCRA court considered the assertions presented in those amended petitions. ***See*** PCO at 5 (only discussing Appellant's failure to plead and prove the applicability of a timeliness exception in his initial petition filed in August of 2012). We ascertain no

error in the court's decision not to examine Appellant's amended petitions, which he did not seek leave of court to file.[2]

In sum, the record supports the PCRA court's determination that Appellant failed to plead and prove the applicability of a timeliness exception. Thus, the court was without jurisdiction to address the merits of his after-discovered evidence and ***Brady*** claims.

Order affirmed.

---

[2] In any event, we note that in Appellant's November 2012 petition, he *again* made no attempt to argue that Bernie's statement met a timeliness exception; instead, he only reiterated his assertion that he was entitled to PCRA relief under section 9543(a)(2)(vi), and added a boilerplate claim that the Commonwealth committed a ***Brady*** violation that entitled him to relief under section 9543(a)(2)(i). Thus, even if Appellant had been granted leave to file that November 2012 amendment, he would not have met his burden of pleading and proving the applicability of a timeliness exception.

The same is true for Appellant's amended petition filed in August of 2013. There, he provided a one-sentence, boilerplate reference to the governmental interference exception of section 9545(b)(1)(i), but he did not meaningfully develop that argument. ***See*** PCRA Petition, 8/8/13, at 9 ("Petitioner further alleges that he is entitled to relief due to governmental interference for ***Brady*** violations."). Additionally, at no point in Appellant's August 2013 petition did he explain why he could not have specifically discussed his discovery of Bernie's statement - and plead the applicability of a timeliness exception - in his August 2012 petition. Thus, even if the PCRA court had granted Appellant leave to file his August 2013 amended petition, we would conclude that his attempt to raise a boilerplate governmental-interference claim for the first time therein was well outside the 60-day requirement of section 9545(b)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016